Herman KNIGHT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 24, 1966.

Rehearing Denied Sept. 16, 1966.

Leland H. Logan, Bowling Green, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

MONTGOMERY, Judge.

Herman Knight appeals from a conviction of illegal possession of alcoholic beverages for the purpose of sale in local

option territory. He was fined $20 and sentenced to serve thirty days' confinement in jail. On this appeal he attacks the search warrant and claims that he was entitled to be confronted by a witness against him. This case had been appealed to the circuit court from the quarterly court.

Jimmy Brown, a deputy sheriff, made an affidavit on which the search warrant was issued. He executed the warrant by going to the premises of appellant in company with a state trooper and one other person. As a result thereof he found fifteen cans of "very cold" Falls City beer, part of which was being carried by appellant's teen-age son and an elderly person as they ran from the rear of the Knight house toward some woods. Appellant was in the house. He claimed that the beer had been purchased for his personal use. This issue was submitted under instruction to the jury.

Appellant undertakes to argue that there was confusion in two warrants issued against him, one for illegal possession for purpose of sale and the other for sale to David Gunn. The record clearly shows that the possession warrant is the one with which we are concerned.

It is also argued that the affidavit and search warrant were invalid because they were based on information given by Jimmy Brown concerning a sale by appellant to David Gunn some twenty-six days prior thereto. A reading of the transcript shows that Jimmy Brown was permitted to testify concerning the search warrant's issuance, the search and seizure, and the arrest without objection being made. His testimony on direct examination in this respect extends from page 2 to page 6 of the transcript through thirty-nine questions before any objection was made, and that objection was to the form of the question

asked concerning appellant's reputation as a bootlegger. The affidavit and search warrant were introduced into evidence without objection.

It was only after a motion for a mistrial for failure to read the warrant to the jury had been made that any objection was made to the affidavit and search warrant which had already been introduced. No contention is now made concerning the failure to read the warrant which was subsequently read. Inasmuch as the record from the quarterly court filed on appeal shows the charge to be "unlawful possession of alcoholic beverages in dry territory," the error, if any, is harmless. RCr 9.24. In the same category is the contention made concerning the variance in the dates on the complaint.

The failure to object timely to the testimony of the searching officer concerning the search and the introduction of the affidavit and search warrant is considered a waiver. Under RCr 9.22 it is required that an objection be made in timely manner, and if the court requests, the ground of the objection should be stated, unless there was no opportunity to object. There is no showing of lack of such opportunity. The affidavit and search warrant were properly admitted in the absence of timely objection.

Appellant claims a violation of his constitutional right to be confronted by a witness because David Gunn, who had made an affidavit in which he claimed to have bought beer from appellant, was not introduced as a witness. A reading of the testimony discloses that Gunn's name is not mentioned therein. The record does not reveal that he was ever subpoenaed or called as a witness. There is no merit in such contention.

Judgment affirmed.