**Lawrence ARNOLD, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 24, 1967.

Joe E. Caylor, Charles C. Adams, Adams & Adams, Somerset, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Lawrence Arnold was tried, convicted and given a $100 fine and 60 days in jail on an indictment for illegal possession of intoxicating liquor in dry territory for purpose of sale. KRS 242.230(1), 242.990(1). His grounds for reversal on this appeal are (1) that he was denied due process because the judge who tried the case had prepared the affidavit for and issued the search warrant through which the principal evidence for the prosecution was obtained, and (2) that the search was illegal.

It is unnecessary to consider at length the second of these points, because at no time before or during the course of the trial did the appellant raise any question as to the propriety of the search. There was neither a motion to suppress nor an objection to the testimony describing the search and consequent discovery of the incriminating evidence. Hence any deficiencies in the affidavit, warrant and the manner in which the warrant was executed were waived. Knight v. Commonwealth, Ky., 405 S.W.2d 685 (1966).

The first witness for the Commonwealth was a state trooper who had made the affidavit on which the search warrant was issued. The affidavit was displayed to him and he was asked if he had signed it. At this point the record shows the following objection:

"Comes counsel for the defendant and objects to the affidavit being written by

the Circuit Judge in his handwriting and signed by the Circuit Judge and the warrant being written by the Circuit Judge and signed by the Circuit Judge and to the Circuit Judge then trying the case, after taking this personal interest in the apprehension of the defendant. Said objection is overruled by the Court to which ruling of the Court the defendant by counsel excepts."

Subsequently and without further motion or objection the affidavit and search warrant were introduced as exhibits. The warrant and the jurat at the foot of the affidavit were signed by the circuit judge, and it appears that he also filled out the handwritten portions of both instruments, the remainder of each being in printed form.

KRS 23.230 provides the method and ground on which a judge may be sworn off the bench. The ground is that he will not afford the affiant a fair and impartial trial. The objection in this case did not include any assertion by the appellant or by his counsel, under oath or otherwise, that the trial judge would not or could not conduct a fair and impartial trial. In fact, we cannot tell whether the objection was directed at the search warrant or the judge, since it was not accompanied or followed by a motion disclosing what sort of relief was desired. Ordinarily, a trial court cannot be held in error for having failed to do something it was not asked to do.

Had the appellant moved to disqualify the judge upon the ground that because he had prepared the affidavit and issued the search warrant leading to appellant's prosecution he could not and would not afford the appellant a fair trial, we would be in a position to adjudicate the question of whether these activities by a judge are sufficiently demonstrative of bias to prevent his trying the case. At it is, we do not reach the question.

The judgment is affirmed.

All concur.