WAUPOOSE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 144. Argued February 6, 1970.—Decided March 3, 1970.*
(Also reported in 174 N. W. 2d 503.)

For the plaintiff in error there was a brief and oral argument by *Jack J. Schumacher* of Shawano.

For the defendant in error the cause was argued by *Mary V. Bowman,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *Daniel Aschenbrener,* district attorney of Shawano-Menominee counties.

HALLOWS, C. J. The sole question presented in the briefs is whether the county judge was a neutral, detached, and impartial judge within the meaning of the constitutions of the United States and the state of Wisconsin because he attested to the complaint, issued the warrant, and tried and sentenced the defendant on the complaint. Waupoose's contention that the same judge cannot so participate in a criminal proceeding and remain as a matter of law detached, neutral, and impartial, has been held to be without merit by this court in *State v. Knoblock* (1969), 44 Wis. 2d 130, 170 N. W. 2d 781. We reasoned that each decision at a successive stage in criminal proceedings is an independent determination involving a different burden of proof and therefore, there is no prejudging on the issue of guilt. We adhere to this ruling.

On oral argument, defendant's counsel urged that the trial court should not have accepted the waiver of counsel because the defendant was an illiterate person and

did not understand his rights. The record does not sustain the basis for this argument. The defendant was twenty-nine years old. He understood an attorney would be appointed for him but he insisted on pleading guilty and not having an attorney at the sentencing. He understood, identified, and confirmed four prior convictions and denied one for either disorderly conduct or petty theft. In addition, the record raises the inference he was intelligent enough to know he did not want to go to the state prison at Waupun and consequently he was brought back to the court within forty-five minutes of sentencing and was sentenced to the reformatory at Green Bay. In addition, he had previously been sentenced as a repeater. We think Waupoose was sufficiently knowledgeable and experienced to make a valid waiver of counsel. The court in such a case has no duty to appoint counsel and no constitutional provision commands it for a knowledgeable accused who wishes to waive counsel.

*By the Court.*—Judgment affirmed.