[Civ. No. 1411. Fifth Dist. Apr. 23, 1971.]

VERTIS PATTERSON, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE FRESNO JUDICIAL DISTRICT
OF FRESNO COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Melvin W. Nitz, Public Defender, and Keith M. Raymond, Deputy Public Defender, for Plaintiff and Appellant.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Edsel W. Haws and Gary Allon Larson, Deputy Attorneys General, for Real Party in Interest and Respondent.

## OPINION

**BROWN (G. A.), J.**—Vertis Patterson appeals from an order of the Superior Court of Fresno County denying her petition for a writ of prohibition wherein she seeks to stop the Municipal Court of Fresno Judicial District from proceeding in a criminal action pending against her in that court for alleged violations of Welfare and Institutions Code section 11482.

In July 1968, a complaint was filed in the municipal court against appellant alleging violations of Penal Code section 488,[1] in three counts—the violations having taken place on January 15, April 15, and May 15,

---

[1] Penal Code section 488 reads as follows: "Theft in other cases is petty theft." Penal Code section 484, defining theft insofar as pertinent, reads as follows: "Every person who shall . . . knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, . . ."

1968. Each count is identical except for the date and, with that exception, each alleges:

"Personally appeared before me, this _____ day of July 1968 REED K. CLEGG, DIRECTOR OF FRESNO COUNTY WELFARE DEPT. in the County of Fresno, who first being duly sworn, complains and accuses VERTIS PATTERSON of the crime of a misdemeanor, to wit: VIOLATION OF SECTION 488 OF THE PENAL CODE, PETTY THEFT

"The said defendant, on or about the 15th day of January 1968 at and in the said County of Fresno, State of California, wilfully and unlawfully took the property of the COUNTY OF FRESNO, consisting of money in the amount of less than $200.00, lawful money of the United States."

On February 16, 1970, an amended complaint was filed charging appellant with the same three counts in violation of Welfare and Institutions Code section 11482.[2] Each of the counts, except for the date, reads:

"Personally appeared before me, this 16th day of February 1970 LEONARD DEAL of DISTRICT ATTORNEY'S OFFICE in the County of Fresno, who first being duly sworn, complains and accuses VERTIS PATTERSON of the crime of a misdemeanor, to wit: VIOLATION OF SECTION 11482 OF THE WELFARE AND INSTITUTIONS CODE

"The said defendant, on or about the 15th day of January 1968 at and in the said County of Fresno, State of California, wilfully and knowingly, with intent to deceive, made false representation to Fresno County to obtain aid to which she was not entitled."

Appellant contends that: (1) the filing of the amendment is equivalent to the filing of new charges and each count is, therefore, barred by the one-year statute of limitations (Pen. Code, § 801), and the court must dismiss the complaint, and (2) the lower court, by permitting the amendment and the trial to proceed, is violating appellant's constitutional right to a speedy trial.

 Since 1927, an accusatory pleading has been sufficient if it is cast "in any words sufficient to give the accused notice of the offense of which he is accused" (Pen. Code, § 952); the particular details of the charged offense will be furnished at the preliminary hearing in the case of an information, and by way of a transcript of the testimony in the case of an

---

[2]Welfare and Institutions Code section 11482 reads as follows: "Any person other than a needy child, who willfully and knowingly, with the intent to deceive, makes a false statement or representation or knowingly fails to disclose a material fact to obtain aid, or who, knowing he is not entitled thereto, attempts to obtain aid or to continue to receive aid to which he is not entitled, or a larger amount than that to which he is legally entitled, is guilty of a misdemeanor."

indictment. (*People* v. *Crosby,* 58 Cal.2d 713, 722-723 [25 Cal.Rptr. 847, 375 P.2d 839].)

Penal Code section 1009 governing amendments to criminal pleadings provides in pertinent part as follows: ". . . The court in which an action is pending may order or permit . . . the filing of an amended complaint for any defect or insufficiency, at any stage of the proceedings, . . . A complaint cannot be amended to charge an offense not attempted to be charged by the original complaint, . . ."

■ Under the case law interpreting section 1009, the test applied is whether or not the amendment changes the offense charged to one not shown by the evidence taken at the preliminary examination (*People* v. *Valles,* 197 Cal.App.2d 362, 371 [17 Cal.Rptr. 204]; *People* v. *Crosby, supra,* 58 Cal.2d 713, 723). The critical inquiry therefore is: was the amendment in the case at bench to correct the defect or insufficiency in the original complaint or was it an amendment to charge an offense not attempted to be charged by the original complaint?

■ If the amendment falls in the former category, it relates back to the date of the original filing of the information and has the effect of tolling the running of the statute of limitations from the date of the filing of the original information (*In re Davis,* 13 Cal.App.2d 109, 113 [56 P.2d 302]). If the amendment falls in the latter category, the one-year statute of limitations on the charges has run, the charges would be barred and the writ should issue.

■ An amendment to designate the proper code section is permissible and nonprejudicial if the accused is plainly informed of the nature of her offenses and the acts constituting the offenses. (*People* v. *Janssen* (1965) 237 Cal.App.2d 363 [46 Cal.Rptr. 866]; *People* v. *Siegel* (1961) 198 Cal.App.2d 676, 683 [18 Cal.Rptr. 268]; *People* v. *Jackson* (1961) 191 Cal.App.2d 296, 302-303 [12 Cal.Rptr. 748]; *People* v. *Rivers* (1961) 188 Cal.App.2d 189, 195 [10 Cal.Rptr. 309].) And the courts have permitted amendments to add omitted allegations of a substantive element of the offense sought to be charged without changing the offense. (*People* v. *Crosby* (1962) *supra,* 58 Cal.2d 713, 723.) In *People* v. *Potter* (1966) 240 Cal.App.2d 621 [49 Cal.Rptr. 892], the court permitted an amendment to add that the act charged was done "wilfully, unlawfully, feloniously, and fraudulently" holding that the defendant was aware of the general nature of the charge and the amendment did not change it.

While the rule in civil actions may usually not be determinative in a criminal proceeding, the underlying philosophy as expressed in civil cases in permitting amendments after the statute of limitations has run ap-

pears to be substantially identical to that expressed in Penal Code section 1009 and the above cited criminal cases interpreting that section. In civil matters the rule appears to be now well settled that an amendment to a complaint will be permitted after the running of the statute of limitations if recovery is sought in both pleadings on the same general set of facts, even though the amendment may be cast in the form of an additional cause of action or count. (*Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 583 [86 Cal.Rptr. 465, 468 P.2d 825]; *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 600-601 [15 Cal.Rptr. 817, 364 P.2d 681].)

In *People* v. *Gilbert* (1969) 1 Cal.3d 475 [82 Cal.Rptr. 724, 462 P.2d 580], the court held that Welfare and Institutions Code section 11482 is a special statute which includes the same subject matter as the general Penal Code theft sections and that since it is a special statute any conduct which violates section 11482, which would also constitute a violation of the theft provisions of the Penal Code, must be prosecuted under section 11482. At page 479 of that opinion, the court states: "As we stated in *In re Williamson* (1954) 43 Cal.2d 651, 654 . . . , 'It is the general rule that where the general statute standing alone would include the same matter as the special act, and thus conflict with it, the special act will be considered as an exception to the general statute whether it was passed before or after such general enactment.' " And at page 481, the court further states: "Inasmuch as the clause as to false statements applies only to statements made *in obtaining* unauthorized assistance, it follows that any conduct which violated that clause would also constitute a violation of the theft provision of the Penal Code. This overlap of provisions carrying conflicting penalties typifies the kind of conflict which we envisioned in *Williamson;* it requires us to give effect to the special provision alone in the face of the dual applicability of the general provision of the Penal Code and the special provision of the Welfare and Institutions Code. (See *People* v. *Silk, supra,* 138 Cal.App.2d Supp. 899 [291 P.2d 1013].)"

It is true, as appellant contends that, under the holding in the *Gilbert* case, she could not be convicted under the Penal Code theft provisions. However, it does not follow that the information could not be amended to allege the proper Welfare and Institutions Code section based upon the same underlying facts. The *Gilbert* decision does not make the information or accusatory pleading void from the beginning but only defective and, therefore, amendable to cure "the defect or insufficiency" (Pen. Code, § 1009) by changing to the correct code section and by making other technical changes. The substance of the offenses are not different —only the code section under which they may be prosecuted is different. Though imperfectly stated in the original complaint, appellant was fully

aware of the substance and nature of the charges against her, the essence of which have not been changed by the amendments. She has shown no prejudice by the action of the court in permitting the amendment, and, as the gravamen of the accusatory pleading in each charge is the same, the statute of limitations has not run.

■ While there have been lengthy delays in the commencement of the trial, the record, without conflict, reflects that the appellant consented to each and every continuance and to the delays. She, therefore, cannot complain of being deprived of a speedy trial. (*People* v. *Tahtinen,* 50 Cal.2d 127 [323 P.2d 442]; *Cody* v. *Justice Court,* 238 Cal.App.2d 275 [47 Cal.Rptr. 716]; *People* v. *Lohman,* 6 Cal.App.3d 760, 769 [86 Cal. Rptr. 221].)

The order denying the writ of prohibition is affirmed.

Stone, P. J., and Gargano, J., concurred.