[Crim. No. 15078. First Dist., Div. Four. Sept. 29, 1976.]

THE PEOPLE, Plaintiff and Appellant, v.
WENDY YOSHIMURA, Defendant and Respondent.

[Civ. No. 39891. First Dist., Div. Four. Sept. 29, 1976.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
WENDY YOSHIMURA, Real Party in Interest.

412

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Dane R. Gillette, Deputy Attorneys General, for Plaintiff and Appellant and for Petitioner.

Larson, Stang & Weinberg and James Larson for Defendant and Respondent and for Real Party in Interest.

No appearance for Respondent.

**OPINION**

**CHRISTIAN, J.**—The People have purportedly appealed from an order sustaining a demurrer to a count of an indictment which charged Wendy

Masako Yoshimura (real party in interest) with violation of Penal Code section 12312 (possession of materials with intent to make explosive or destructive devices). ■ Real party in interest correctly pointed out, however, that an order sustaining a demurrer to a count of an indictment is not an appealable order within the meaning of Penal Code section 1238. We earlier dismissed the purported appeal but suggested in our opinion that the People "seek reconsideration from the trial court or, if necessary, a writ from this court." The People's motion for reconsideration by the trial court of the order sustaining the demurrer was denied, and a petition for a writ of mandate was filed with this court.

We now vacate the former opinion in the purported appeal, and deal with the issues raised therein on this writ proceeding.

During the pendency of the purported appeal both sides filed briefs which addressed the determinative issues; the issuance of an alternative writ would serve no purpose and issuance of a peremptory writ is proper. (Code Civ. Proc., § 1088; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Count three of the indictment alleged, in the words of section 12312, that the defendants had possessed a "substance, material [and] combination of substances and materials with the intent to make [a] destructive device [and] explosive." The court sustained the demurrer on the basis that the words "substance" and "material" are too vague effectively to give the defendants notice of the charge against them. Other counts of the indictment are not at issue here.

On August 3, 1971, a woman who was later identified as real party in interest Wendy M. Yoshimura rented a garage in Berkeley, and renewed the lease on January 1, 1972. On March 30, 1972, Michael Grabianowski, the manager of the building where the garage was located, detected the odor of gas coming from the garage, and entered it to determine the origin of the smell. Because of certain items observed there, the police were contacted, and a warrant was eventually obtained to search the garage.

Among the items found on the premises were sacks of ammonium nitrate, containers of gasoline, several lengths of large diameter pipe, what appeared to be an assembled pipe bomb, various weapons (including a machine gun) and live ammunition of several calibers. In

addition blasting caps, blasting cap crimpers, batteries, and several lengths of insulated wire were discovered, as well as four containers of various ·substances. Expert testimony established that the piping was often used in the manufacture of bombs, and that many of the chemicals could, in combination with each other or in the presence of a detonator, create explosive devices. The pipe bomb was detonated by the police.

Yoshimura was linked to the premises by the testimony of Grabianowski and by various items discovered there. It was also established that she had purchased one of the carbines seized during the search. Her original codefendants were arrested upon their arrival on the scene in a car owned by Yoshimura's father. A paper found in the glove compartment of that car claimed credit on behalf of the "Revolutionary Army" for the "torching" of the Naval Architecture Building at the University of California.

■ The People contend that the trial court erred in sustaining the demurrer, asserting that Penal Code section 12312 is not unconstitutionally vague or overbroad.

"Destructive device" and "explosive" are defined by statute (Health & Saf. Code, § 12000; Pen. Code, § 12301), but "substance" and "material" are not. It is obvious that "substance" and "material" are by themselves terms so broad and general as to fail to establish a certain standard of conduct. ■ "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law." (*Connally* v. *General Const. Co.* (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. ·126]; see *United States* v. *Harriss* (1954) 347 U.S. 612, 617 [98 L.Ed. 989, 996, 74 S.Ct. 808]; *In re Newbern* (1960) 53 Cal.2d 786, 792 [3 Cal.Rptr. 364, 350 P.2d 116]; see also *Champlin Rfg. Co.* v. *Commission* (1932) 286 U.S. 210, 243 [76 L.Ed. 1062, 1083, 52 S.Ct. 559, 86 A.L.R. 403]; *United States* v. *Cohen Grocery Co.* (1921) 255 U.S. 81, 89 [65 L.Ed. 516, 520, 41 S.Ct. 298, 14 A.L.R. 1045]; *Katzev* v. *County of Los Angeles* (1959) 52 Cal.2d 360, 372 [341 P.2d 310].) ■ However, "the requirement of a specific intent to do a prohibited act may avoid those consequences to the accused which may otherwise render a vague or indefinite statute invalid. . . . [W]here the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law. The requirement that the act must be willful or

purposeful may not render certain, for all purposes, a statutory definition of the crime which is in some respects uncertain. But it does relieve the statute of the objection that it punishes without warning an offense of which the accused was unaware." (*Screws* v. *United States* (1945) 325 U.S. 91, 101 [89 L.Ed. 1495, 1502, 1503, 65 S.Ct. 1031]; *Erlich* v. *Municipal Court* (1961) 55 Cal.2d 553, 559 [11 Cal.Rptr. 758, 360 P.2d 334]; *People* v. *McCaughan* (1957) 49 Cal.2d 409, 414 [317 P.2d 974].) ▮ Section 12312 provides that possession of a "substance" or "material" is punishable only if the possession is with the specific intent to make a destructive device or explosive. The possession and the specific intent are not merely coincidental to each other. Innocent possession of a "substance" or "material" is not made punishable under the statute, nor is the mere intent to make a destructive device or explosive forbidden. Rather, possession is criminal conduct only where it is predicated and dependent upon the actor's specific intent to make that possession an integral step in the construction of an explosive or destructive device. It would be absurd to interpret "substance" or "material" other than as referring to an item which is either necessary to the creation of, or an actual part of, an explosive or destructive device. When the statute is thus read as a whole, the vagueness of the meaning of "substance" and "material" is eliminated, and the terms are seen to refer to constituent or necessary items in the construction of nonlicensed destructive devices and explosives.

This conclusion is supported by the legislative purpose in enacting section 12312. ▮ Assistance in construing a statute can be obtained by reference to the legislative history or purpose of the statute. (*People* v. *McCaughan, supra,* 49 Cal.2d 409, 414; *In re Davis* (1966) 242 Cal.App.2d 645, 655 [51 Cal.Rptr. 702]; *People* v. *Superior Court* (1962) 199 Cal.App.2d 303, 310 [18 Cal.Rptr. 557].) In enacting section 12312, along with other sections regulating or forbidding the possession and use of explosives and destructive devices, the Legislature declared its intention "that the provisions of this act be construed with the purpose of limiting the lawful manufacture, sale, transport, storage, possession and use of explosives to only those situations where the lawful purpose of such manufacture, sale, transport, storage, possession, and use is clearly apparent." (Stats. 1970, ch. 1425, § 34, pp. 2725, 2726.) Thus, although the common definitions of "substance" and "material" are so broadly stated as to fail to establish any standard by which a reasonable person could regulate his conduct, reference to the legislative intent establishes that as used in section 12312 "substance" and "material" refer only to

things which can be used for the manufacture, sale, transport, storage, possession, or use of explosives or destructive devices.

██ Yoshimura asserts that, despite the foregoing construction of the statute, the indictment failed to give adequate notice of the charges based upon section 12312. Due process requires that an accused be given notice of the charges against him. (*In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5].) The statement of the offense "may be in the words of the enactment describing the offense or declaring the matter to be a public offense, . . ." (Pen. Code, § 952.) Although sometimes literal compliance with Penal Code section 952 may give insufficient notice of the charged offense to satisfy due process standards, "[i]n the usual case, an accusation pleaded in compliance with section 952, when viewed in light of the transcript [of the grand jury proceedings or the preliminary hearing], provides sufficient notice to the defendant to withstand constitutional attack." (*People* v. *Jordan* (1971) 19 Cal.App.3d 362, 369, 371 [97 Cal.Rptr. 570]; accord *People* v. *Hathaway* (1972) 27 Cal.App.3d 586, 595 [103 Cal.Rptr. 638]; *Patterson* v. *Municipal Court* (1971) 17 Cal.App.3d 84, 87-88 [94 Cal.Rptr. 449].) The count charging violation of section 12312 used the exact language of the statute and referred specifically to the section. The transcript of the testimony before the grand jury provides abundant specific identification of the materials and substances alleged to have been in the possession of real party. There was adequate notice of the charge of violation of section 12312.

The purported appeal is dismissed. A peremptory writ will issue directing respondent superior court to set aside its order sustaining the demurrer.

Caldecott, P. J., and Rattigan, J., concurred.

The petition of respondent Yoshimura for a hearing by the Supreme Court was denied November 18, 1976.