[Civ. No. 62206. Second Dist., Div. Four. Jan. 26,1982.]

KENNETH C. PEER, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SOUTH BAY JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Defendant and
Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

734

**COUNSEL**

Abelson, Harris & Brunon, Bradley William Brunon and Richard Ross for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and John W. Messer, Deputy District Attorneys, for Real Party in Interest and Respondent.

OPINION

KINGSLEY, J.—Petitioner appeals from a judgment denying his petition for a writ of prohibition to prohibit his trial on a series of misdemeanor offenses. We reverse.

The complaint charges petitioner with nine counts as follows: (count I) unlawful practice of psychology without a license between September 8, 1979, and December 19, 1979, in violation of section 2903 of the Business and Professions Code; (count II) unlawful practice of psychology without a license, between November 9, 1979, and June 18, 1980, in violation of the same section; (count III) unlawful practice of psychology on August 15, 1980, in violation of the same section; (count IV) fraudulently misrepresenting the type of license held by him between September 28, 1979, and December 19, 1979, in violation of subdivision (c) of section 2960 of that code; (count V) with a similar misrepresentation from November 9, 1979, to June 18, 1979; (count VI) a similar violation on August 15, 1980; (count VII) unlawfully furnishing an alcoholic beverage to a person under the age of 21 on April 3, 1980, in violation of section 25658 of the Business and Professions Code; (count VIII) with a similar violation of section 25658 on April 5, 1980; (count IX) unlawfully having sexual intercourse representing that it was related to his practice as a psychologist, in violation of subdivision (n) of section 2960 of the Business and Professions Code. Petitioner demurred to the complaint. The demurrer was sustained as to counts IV, V, and VI, but was overruled as to the other counts. Petitioner then sought, in the superior court, the writ herein involved, attacking the order as to counts I, II, III and IX. The petition was denied and this appeal followed.

I

In their brief in this court, the People agree that count IX does not state a criminal offense under the Business and Professions Code; we therefore reverse as to that count. The petition before us did not attack the order as to counts VII and VIII. We have before us for consideration the attack on counts I, II, and III. We hold that the trial court committed reversible error in not granting the petition as to those three counts.

## II

██ ██ Petitioner contends that the three counts before us do not allege a criminal offense, but that the conduct therein described constitutes only possible grounds for disciplinary action by the Board of Medical Quality Assurance. We reject that contention.

Petitioner relies on *People* v. *Superior Court* (*Douglass*) (1979) 24 Cal.3d 428 [155 Cal.Rptr. 704, 595 P.2d 139]. That reliance is misplaced. *Douglass* involved a charge of a violation of section 2399.5 of the Business and Professions Code, making it an unprofessional act for a physician to prescribe dangerous drugs without a good faith prior examination. The Supreme Court held that the section involved gave cause only for disciplinary action and not for criminal prosecution. The case is not here in point when we consider the statutes herein involved.

Section 2970 of the Business and Professions Code makes it a misdemeanor to violate any provision of the chapter of which section 2903 is a part. We need not here decide whether that section operates to make criminal every act of unprofessional conduct prohibited by the chapter. It would be nonsense to say that practice of a regulated profession without a license was a matter for discipline by the board. The board's jurisdiction to discipline is, of necessity, limited to persons who do hold a license issued by it; it has no disciplinary powers over nonlicensees. If the statutory scheme is construed as petitioner contends, the result would be that an unlicensed person could practice a profession without sanction for his misconduct.[1] As a long list of cases cited by the People have held with relation to other professions, the criminal process is available to control unlicensed practice.[2]

## III

██ Petitioner contends that the three counts are unconstitutionally vague, in that they do not tell him what patients he is charged with treating, nor (except in broad periods in counts I and II) ) on what dates, or what treatment he is alleged to have given that amounted to the practice of psychology. The People point to the fact that, indorsed

---

[1]Under what circumstances practice of a profession without a license might render a person liable to a civil suit for negligence brought by a patient or client is not before us.

[2]See, for example, *People* v. *Ratledge* (1916) 172 Cal. 401 [165 P. 455]; *People* v. *T. Wah Hing* (1920) 47 Cal.App. 327 [190 P. 662].)

on the complaints is the statement that it is "based on the declarations filed herewith and incorporated by reference hereto as if fully set forth." The People contend, and the minutes of the respondent court suggest, that the judge of that court read the declarations referred to. However, the declarations were not attached to the complaint and were never served on petitioner. Petitioner alleges that, on inquiry to the clerk of respondent court his counsel were shown a mass of police reports but that he cannot ascertain which, if any, of those reports were the ones referred to in the indorsement on the complaint.

The trial court, and the People here, rely on *People* v. *Yoshimura* (1976) 62 Cal.App.3d 410 [133 Cal.Rptr. 228]. But that case is not pertinent. *Yoshimura* involved a criminal prosecution, by indictment, of a felony offense. The court there said (at p. 416): "Yoshimura asserts that, despite the foregoing construction of the statute, the indictment failed to give adequate notice of the charges based upon section 12312. Due process requires that an accused be given notice of the charges against him. (*In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5].) The statement of the offense 'may be in the words of the enactment describing the offense or declaring the matter to be a public offense, . . .' (Pen. Code, § 952.) Although sometimes literal compliance with Penal Code section 952 may give insufficient notice of the charged offense to satisfy due process standards, '[i]n the usual case, an accusation pleaded in compliance with section 952, when viewed in light of the transcript [of the grand jury proceedings or the preliminary hearing], provides sufficient notice to the defendant to withstand constitutional attack.' (*People* v. *Jordan* (1971) 19 Cal.App.3d 362, 369, 371 [97 Cal.Rptr. 570]; accord *People* v. *Hathaway* (1972) 27 Cal.App.3d 586, 595 [103 Cal.Rptr. 638]; *Patterson* v. *Municipal Court* (1971) 17 Cal.App.3d 84, 87-88 [94 Cal.Rptr. 449].) The court charging violation of section 12312 used the exact language of the statute and referred specifically to the section. The transcript of the testimony before the grand jury provides abundant specific identification of the materials and substances alleged to have been in the possession of real party. There was adequate notice of the charge of violation of section 12312." Here we deal not with a felony filed after grand jury proceedings, but with a misdemeanor, filed without any preliminary procedure. To say that a defendant, provided at arraignment with a copy of the grand jury transcript has been given adequate notice of the details of the offense with which he is charged does not mean that a defendant, in a municipal court, not provided with any similar preliminary statement of the case against him, is equally given due process is fallacious. Assuming that a misdemeanor

complaint can be adequate if it actually physically incorporates police reports (a matter which we do not here decide), at the very least the complaint served must also provide the allegedly incorporated exhibits.

In some of the cases in which prosecution was allowed for unlicensed practice, the matter came before the appellate court after a trial on the merits. (*People* v. *Ratledge* (*supra*), 172 Cal. 401, and *People* v. *T. Wah Hing* (*supra*) 47 Cal.App. 327.) The issue is not the same where the issue of vagueness is raised by appeal from a judgment and where it is raised by demurrer. (*Lamadrid* v. *Municipal Court* (1981) 118 Cal. App.3d 786, 790-791 [173 Cal.Rptr. 599].) In the latter case, arising as does this case on a writ proceeding after demurrer, the court squarely held that a complaint charging manslaughter, in the language of the statute, was insufficient because it failed to advise defendant what "unlawful act" of his was intended to be covered by that broad allegation. Similarly here, defendant is left without warning as to on what act or acts the People intend to rely. In *Cohen* v. *Municipal Court* (1967) 250 Cal.App.2d 861 [58 Cal.Rptr. 846], a pleading charging exhibition of obscene matter was upheld even though it did not set forth the matter alleged to be obscene. We need not here discuss the merits of that opinion. The practical difficulties involved in incorporating into a pleading the full text of allegedly obscene matter do not arise in cases such as the one now before us. Whatever the merits of a rule of pleading approved for obscenity cases by the majority in *Cohen*, no such elaborate allegations were required to advise this petitioner of what, and to whom, he is intended to be charged. We conclude that *Yoshimura* and *Lamadrid* require more specificity than is here before us in all cases except, perhaps, charges of obscenity.

The judgment is reversed with directions to issue a peremptory writ of prohibition against any further proceedings on count IX and to prohibit any further proceedings on counts I, II and III unless and until they are amended to conform to this opinion.

Files, P. J., and Woods, J., concurred.