**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Jeffrey COWLEY, Defendant and Appellant.**

**No. 15526.**

Supreme Court of South Dakota.

Considered on Briefs March 26, 1987.

Decided July 1, 1987.

Mark V. Meierhenry, Atty. Gen., Pierre, and Timothy J. Wilka, States Atty., Sioux Falls; Richard C. Coit, Asst. Atty. Gen., Pierre, on brief, for plaintiff and appellee.

Richard Braithwaite of Braithwaite Law Offices, Sioux Falls, for defendant and appellant.

PER CURIAM.

Defendant appeals from his conviction and sentence for possessing more than ten pounds of marijuana. SDCL 22–42–6. We affirm.

Defendant pleaded not guilty to the charges against him. In the course of this prosecution defendant made a motion to suppress. The motion to suppress was made on the grounds that defendant had given statements to law enforcement officers while he was in custody but had not been informed of his *Miranda*[1] rights. After the trial court denied defendant's motion to suppress, he petitioned to enter a plea of nolo contendere. See SDCL 23A–7–2 (pleas by defendant). The trial court accepted the plea of nolo contendere and entered a suspended sentence, placing the defendant on probation.

■ The issue raised by defendant is whether he was "in custody" at the time he made certain statements to law enforcement officers and whether he should have been informed of his *Miranda* rights. We do not reach the issue of whether the defendant was "in custody" because we determine that defendant's plea of nolo contendere was a waiver of any alleged error in the denial of the motion to suppress.

■ This court has consistently followed the general rule that a voluntary and intelligent plea of guilty waives a defendant's right to appeal all nonjurisdictional defects in the prior proceedings. *State v. Grosh,* 387 N.W.2d 503 (S.D.1986); *State v. Janssen,* 371 N.W.2d 353 (S.D.1985); *State v. Morrison,* 337 N.W.2d 825 (S.D.1983); *State v. Culton,* 273 N.W.2d 200 (S.D. 1979); *State v. Losieau,* 266 N.W.2d 259 (S.D.1978); *State v. Jordan,* 261 N.W.2d 126 (S.D.1978). Any alleged error in denying a motion to suppress is a nonjurisdictional defect and is waived by a voluntary and intelligent guilty plea. *Losieau, supra,* and *Jordan, supra.*

A plea of nolo contendere has the same effect of waiving nonjurisdictional defects, including any alleged error in denying a motion to suppress evidence. *State v. Arnsberg,* 27 Ariz.App. 205, 553 P.2d 238 (1976); see also *U.S. v. Mizell,* 488 F.2d 97 (5th Cir.1973); see generally 1 & 2 W. LaFave and J. Israel, *Criminal Procedure,* §§ 10.2(d), 20.4, 637 (1984). Thus, defendant's plea of nolo contendere waived any alleged error in the ruling on the motion to suppress.

The judgment of the trial court is affirmed.

---

1. See *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).