Filed 1/24/17

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| SANDRA HUDSON, | |
| Petitioner, | E065645 |
| v. | (Super.Ct.No. RIF1502841) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING; petition for writ of mandate. Irma Poole Asberry, Judge. Petition granted in part; denied in part.

Frank T. Vecchione and Paul Grech, Jr., for Petitioner.

No appearance for Respondent.

Michael A. Hestrin, District Attorney, Emily R. Hanks, Deputy District Attorney, for Real Party in Interest.

1

In this matter we reviewed the petition, determined it may have merit, stayed the action in the trial court, and requested an informal response. Having considered the informal response and a reply, we determined that petitioner Sandra Hudson may have established a right to relief and set an order to show cause on two of the three issues petitioner raises[1]. We subsequently reviewed the return and traverse. For the reasons we set forth *post*, we conclude the petition succeeds as to issues concerning the rule set forth in *In re Williamson* (1954) 43 Cal.2d 651 (*Williamson*), but it fails with respect to petitioner's complaints about the People's allegations regarding tolling of the statute of limitations. We therefore grant relief only in part.

FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2009, petitioner, acting as secretary of the board of directors for the Palo Verde Healthcare District (PVHD), voted to approve two contracts between PVHD and one Hussain Sahlolbei, M.D. One pertained to "Surgical Services Directorship with Dr. Sahlolbei," and the other was called the "Surgery On-Call Agreement with Dr. Salolbei." The parties agree that, at the time of petitioner's vote on the contracts, Dr. Sahlolbei was renting a residence on First Street in Blythe, California, that was owned at least in part by petitioner's husband. The parties further agree that

---

[1] The petition raises the following issues: (A) whether petitioner had a prohibited financial interest (Gov. Code, § 1090, subd. (a)) in certain contracts she voted to approve as a board member of a healthcare district; (B) whether the *Williamson* rule bars the People from prosecuting petitioner for a felony under Penal Code section 115; and (C) whether certain counts alleged against petitioner are timely. We issued an order to show cause on issues B and C, only. The petition is summarily denied as to issue A.

2

petitioner received Dr. Sahlolbei's rent checks at times, and that at least some of those checks were deposited into an account petitioner and her husband shared.

As one of PVHD's board members, petitioner was required to file, each year, a statement of economic interest form 700 (Form 700) "disclosing h[er] investments, h[er] interests in real property and h[er] income during the period since the previous statement." (Gov. Code, §§ 87203, 87200.) In 2008, petitioner disclosed the First Street property on her Form 700 and explained that it was her husband's separate property. However, her Form 700 filings in 2009 through 2013 failed to disclose any interest in the First Street property.

On January 13, 2014, real party in interest, the People, filed a complaint charging petitioner with a single count of violating of Government Code section 1090, which prohibits "[m]embers of the Legislature, state, county, district, judicial district, and city officers or employees" from entering into contracts, in an official capacity, in which they are "financially interested." (Gov. Code, § 1090, subd. (a).) The complaint alleged petitioner had "willfully and unlawfully ma[d]e a contract in her official capacity in which she had a financial interest," and then specified that the contracts were "surgical services co-directorship and surgical services on call agreements" with Dr. Sahlolbei. The complaint also made the following allegation regarding the statute of limitations: "The crime charged in Count 1 was not discovered nor could it have reasonable [*sic*] been discovered until October 19, 2010, when the Riverside County District Attorney's

3

Office received a letter from Marty Bachman which alleged potential violations of California conflict of interest laws committed by" petitioner.

Petitioner was arraigned on the single-count complaint on February 24, 2014. On June 25, 2015, the Grand Jury of the County of Riverside returned an indictment against petitioner. Arraignment on the indictment occurred on July 9, 2015.

The indictment contained the original count for violation of Government Code section 1090 and added a second count under the same statute. The first alleged petitioner committed a felony by voting on PVHD's surgical services on-call agreement with Dr. Sahlolbei, and the second makes the same allegation with respect to petitioner's voting in favor of the surgical services co-directorship. In addition, the indictment charged petitioner with five counts (numbered 3 through 7) of offering a false instrument (Pen. Code, § 115) because she failed to list the First Street property on the Form 700's she filed in 2009 through 2013. Each of the counts for offering a false instrument was charged as a felony.

On September 8, 2015, petitioner filed a motion to set aside the indictment under Penal Code section 995. As she does in this proceeding, petitioner argued she was not "financially interested in" (Gov. Code, § 1090, subd. (a)) PVHD's contracts with Dr. Sahlolbei, invoked the *Williamson* rule, and attacked the timeliness of all but the last two Penal Code section 115 counts. The trial court solicited supplemental briefing on the statute of limitations issue and made its final ruling on March 11, 2016. Although the trial court dismissed one of the Penal Code section 115 counts (count three) as time-

4

barred, it otherwise denied petitioner's motion under Penal Code section 995. The trial court agreed with petitioner that the tolling allegations in the complaint and the indictment were deficient but allowed the People leave to amend so they could add more detail to their tolling allegations. This petition followed.

DISCUSSION

A writ of prohibition is an appropriate way of challenging the validity of an indictment after the denial of a motion to set aside the information. (Pen. Code, § 999a; *Jones v. Superior Court* (1979) 96 Cal.App.3d 390, 393.) On writ review, we ordinarily ignore the superior court's ruling on the Penal Code section 995 motion and defer to the magistrate's findings of fact as long as they are supported by substantial evidence. (*People v. Slaughter* (1984) 35 Cal.3d 629, 638.) However, review is independent if the magistrate made no factual findings because the reviewing court is essentially deciding whether the magistrate properly interpreted the law. (*Ibid*.)

All a magistrate needs to find to hold a defendant to answer is probable cause, or " 'such a state of facts as would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion of the guilt of the accused.' " (*People v. Slaughter*, *supra*, 35 Cal.3d at p. 636.) Moreover, " 'Evidence that will justify a prosecution need not be sufficient to support a conviction . . . . An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of

5

it.  [Citations.]' " (*Taylor v. Superior Court* (1970) 3 Cal.3d 578, 582, overruled on other grounds by *People v. Antick* (1975) 15 Cal.3d 79, italics added.)

　　1.　　*The Williamson rule bars the People from prosecuting petitioner for a felony violation of Penal Code section 115*

In support of her *Williamson* rule argument, petitioner argues the People cannot prosecute her for a felony under a general statute (Pen. Code, § 115) because a special statute (Gov. Code, § 87203) makes it only a misdemeanor to fail to file a Form 700 (see Gov. Code, § 91000 [making it a misdemeanor to "knowingly or willfully" violate statutes, including Gov. Code, § 87203]).  The People respond that petitioner may not invoke the *Williamson* rule because Government Code section 91014 expresses a contrary intent, and they contend any such claim fails on the merits because the elements of filing a false document (Pen. Code, § 115) are different from the elements of a violation of the statute requiring public employees to file a Form 700.  Petitioner's contentions regarding this apparent question of first impression are more persuasive.

"Under the *Williamson* rule, if a general statute includes the same conduct as a special statute, the court infers that the Legislature intended that conduct to be prosecuted exclusively under the special statute.  In effect, the special statute is interpreted as creating an exception to the general statute for conduct that otherwise could be prosecuted under either statute.  [Citation.]  . . .  'Indeed, in most instances, an overlap of provisions is determinative of the issue of legislative intent and "requires us to give effect to the special provision alone in the face of the dual applicability of the general provision

6

. . . and the special provision . . . ." ' " (*People v. Murphy* (2011) 52 Cal.4th 81, 86 (*Murphy*).)

The *Williamson* rule applies either when the general statute and the specific statute share the same elements, or "when 'it appears from the statutory context that a violation of the special statute will necessarily or commonly result in a violation of the general statute.' " (*Murphy*, *supra*, 52 Cal.4th at p. 86.) "In its clearest application, the rule is triggered when a violation of a provision of the special statute would inevitably constitute a violation of the general statute." (*Ibid*.) When the general statute includes an element not present in and imposes a punishment harsher than the special statute, "it is reasonable to infer that the Legislature intended to punish such conduct more severely." (*Id*. at p. 87.) As a result, the *Williamson* rule will not apply when, for example, a felony statute requires a more culpable mental state than a misdemeanor statute proscribing the same behavior. (See, e.g., *People v. Watson* (1981) 30 Cal.3d 290, 295-297.)

The *Williamson* rule was "designed to ascertain and carry out legislative intent." (*People v. Jenkins* (1980) 28 Cal.3d 494, 505 (*Jenkins*).) Consequently, a defendant may not rely on *Williamson* if there is sufficient evidence the Legislature intended to authorize prosecution under both the special and the general statute. (*Id*. at pp. 505-506; see *People v. Butler* (1996) 43 Cal.App.4th 1224 (*Butler*).)

In *Jenkins*, the court held the People could prosecute a defendant for both perjury (Pen. Code, § 118) and fraudulently obtaining aid for dependent children and families (Welf. & Inst. Code, § 11483) because provisions of the Welfare and Institutions Code,

7

when interpreted in light of their legislative history, explicitly authorized prosecution under either statute. (*Jenkins*, *supra*, 28 Cal.3d at p. 506 [noting, among other things, that "[t]he third sentence of [Welfare and Institutions Code] section 11054 contains the statement that '[any] person signing a statement [that is declared under penalty of perjury]. . . is subject to the penalty prescribed for perjury in the Penal Code' if he or she willfully and knowingly and with intent to deceive makes a false statement."].) Similarly, the *Butler* court, asked to decide whether the *Williamson* rule barred prosecution for both obtaining telephone services by fraud (Pen. Code, § 502.7, subd. (b)(1)) and theft of access cards (Pen. Code, § 484e, subd. (c)), found "exactly the type of 'contrary legislative intent' " as was present in *Jenkins* because an uncodified section of the act that created Penal Code section 484e stated: " 'This act shall not be construed to preclude the applicability of any other provision of the criminal law of this state which presently applies or may in the future apply to any transaction which violates this act.' " (*Butler*, *supra*, 43 Cal.App.4th at p. 1244.)

In this case, the People have charged petitioner with a felony, offering a false document, under Penal Code section 115, subdivision (a), which reads: "Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States, is guilty of a felony." Petitioner argues Government Code section 87203 describes her alleged failure to disclose all of her assets and investments in her Form 700 with better

8

particularity. That statute states: "Every person who holds an office specified in Section 87200 shall, each year at a time specified by commission regulations, file a statement disclosing his investments, his interests in real property and his income during the period since the previous statement filed under this section or Section 87202. The statement shall include any investments and interest in real property held at any time during the period covered by the statement, whether or not they are still held at the time of filing." Government Code section 87203 is part of the Political Reform Act, and Government Code section 91000 states any person who "knowingly or willfully violates any provision of [the Political Reform Act] is guilty of a misdemeanor."

Citing the exception to the *Williamson* rule on which *Jenkins* and *Butler* rely, the People cite Government Code section 91014 as proof that the Legislature intended to allow prosecution of the acts petitioner allegedly committed as either a misdemeanor violation of the Political Reform Act (Gov. Code, § 91000, subd. (a)) or a felony violation of the rule against offering a false document (Pen. Code, § 115). Government Code section 91014: "Nothing in this chapter shall exempt any person from applicable provisions of any other laws of this state." This rather indefinite language is a far cry from the "overwhelming indications of a contrary legislative intent" that were present in *Jenkins* and *Butler*. (*Jenkins*, *supra*, 28 Cal.3d at p. 506; see *Butler*, *supra*, 43 Cal.App.4th at p. 1244.) The special statutory scheme in *Jenkins* explicitly referenced the general statute (*Jenkins*, *supra*, 28 Cal.3d at p. 506); in contrast, Government Code section 91014 does not mention Penal Code section 115, specifically. The statutory

9

scheme at issue in *Butler* at least stated that prosecution was possible under "any other provision of the criminal law of this state which presently applies or may in the future apply" (*Butler*, *supra*, 43 Cal.App.4th at p. 1243), but Government Code section 91014 fails to provide any specifics at all about the "other laws of this state" that might also apply. We cannot find that a statute providing so little guidance as to its meaning is an expression of legislative intent to prevent application of the *Williamson* rule, especially when *Jenkins* and *Butler* show how careful the Legislature can be when it desires such a result.

If Government Code section 91014 does not prevent petitioner from invoking *Williamson*, the People argue her invocation fails because Penal Code section 115 and Government Code section 91000 require different elements. More specifically, they contend Penal Code section 115 requires actual falsification of an instrument, while Government Code section 87203 only allows prosecution if a defendant fails to file a Form 700. We disagree with the People's base assumption for the reasons set forth *post*.

It is true that Government Code section 87203 affirmatively requires the filing of a form 700, such that the failure to file such a form at all would violate the statute. However, this is not all the statute requires. Government Code section 87203 also demands that the Form 700 "disclos[e] his investments, his interests in real property and his income during the period since the previous statement," and that it "include any investments and interest in real property held at any time during the period covered by the statement, whether or not they are still held at the time of filing." Consequently, a

10

person may violate Government Code section 87203 not only by failing to file a Form 700, but also by filing a Form 700 that fails to make the necessary disclosures.

We find the *Williamson* rule prevents the People from prosecuting petitioner for a felony under Penal Code section 115 because a violation of the special statute " 'will necessarily or commonly result in a violation of the general statute.' " (*Murphy*, *supra*, 52 Cal.4th at p. 86.) Penal Code section 115 applies to any "person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within this state, which instrument, if genuine, might be filed, registered, or recorded under any law of this state or of the United States." (Pen. Code, § 115, subd. (a).) As indicated above, Government Code section 87203 requires a Form 700 to make certain disclosures regarding the filer's assets and investments. The People present, and we see no reason why, the filing of a Form 700 that purported to disclose all of the filing party's assets and investments but did not actually do so because of omissions is not equivalent to the offering of a "false or forged instrument." After all, " ' "The core purpose of . . . section 115 is to protect the integrity and reliability of public records." [Citations.] This purpose is served by an interpretation that prohibits any knowing falsification of public records.' " (*People v. Denman* (2013) 218 Cal.App.4th 800, 808.) A Form 700 is an "instrument" that not only may, but must, "be filed, registered, or recorded under any law of this state or of the United States" (Pen. Code, § 115, subd. (a)), and we agree with the traverse that a Form 700 is "filed . . . in any public office" (*ibid*.) because such documents must be both "filed" (Gov. Code, § 87203) and kept "open for

11

public inspection and reproduction during regular business hours" (Gov. Code, § 81008). Finally, a misdemeanor prosecution for violation of Government Code section 87203 and a felony prosecution for violation of Penal Code section 115 both require the same basic mental state, namely, that the defendant "knowingly" committed the crime charged. (Pen. Code, § 115, subd. (a) ["knowingly"]; Gov. Code, § 91000, subd. (a) ["knowingly or willingly"].)

For these reasons, the People may not prosecute petitioner under Penal Code section 115 when the basis of their allegation is that petitioner failed to list all assets and investments on several Form 700's. On remand, the trial court is to dismiss the remaining counts under Penal Code section 115.

2.      *The statute of limitations did not require dismissal of any of the counts against petitioner*

Petitioner asks us to dismiss the first five counts against her because the complaint and the indictment both inadequately alleged tolling of the statute of limitations. The People respond that "the statute of limitations is not jurisdictional," at least not in the way petitioner suggests. While we agree with petitioner that the statute of limitations is "jurisdictional" in some senses (see, e.g., *People v. Williams* (1999) 21 Cal.4th 335, 341), we disagree with her implicit assumption that she was entitled to dismissal under Penal Code section 995 simply because the trial court agreed that the People failed to properly allege tolling of the limitations period.

12

" 'The purpose of a motion to set aside the accusatory pleading under Penal Code section 995 is to review the sufficiency of the indictment or information on the basis of the record made before the grand jury in the one case or the magistrate at the preliminary hearing in the other.' " (*Stanton v. Superior Court* (1987) 193 Cal.App.3d 265, 269 (*Stanton*).) By statute, Penal Code section 995 allows an attack on an indictment only, "Where it is not found, endorsed, and presented as prescribed in th[e Penal C]ode," or on the theory, "[t]hat the defendant has been indicted without reasonable or probable cause." (Pen. Code, § 995, subd. (a)(1)(A), (B).) Therefore, "A motion under Penal Code section 995 cannot resolve problems not apparent from the transcript of the preliminary hearing" or grand jury proceeding. (*Merrill v. Superior Court* (1994) 27 Cal.App.4th 1586, 1596.)

"In order to attack the pleading itself . . . the demurrer is the appropriate vehicle." (*People v. Brooks* (1985) 166 Cal.App.3d 24, 29, fn. 3, disapproved of on other grounds by *People v. Whitmer* (2014) 59 Cal.4th 733.) In fact, a demurrer is only authorized if the defect about which the demurring party complains "appears upon the face" of the pleading. (Pen. Code, § 1004.) Moreover, if a court sustains a demurrer to a criminal pleading, "the court must, if the defect can be remedied, permit the filing of an amended complaint." (Pen. Code, § 1007.)

"The law respects form less than substance." (Civ. Code, § 3528.) Consequently, a trial court may disregard the caption of a motion and instead treat it in accordance with the relief it requests. (See, e.g., *Barrows v. American Motors Corp.* (1983) 144 Cal.App.3d 1, 9 [treating demurrer like motion for summary judgment due to nature of

13

relief requested]; *A.N. v. County of Los Angeles* (2009) 171 Cal.App.4th 1058, 1064, ["The substance of the 'motion to quash' is what mattered, not its label."].)

In this case, petitioner made her arguments regarding the statute of limitations in a document captioned, "notice of motion and motion to dismiss indictment pursuant to Penal Code section 995." The portion of the motion at issue in this section of the petition made no contentions about the state of the evidence vis-à-vis the limitations period and instead argued, as petitioner does here, that multiple counts in the indictment were, as a matter of law, "outside the statute of limitations" because the People had failed to plead tolling of the limitations period in accordance with *People v. Zamora* (1976) 18 Cal.3d 538, 564-565, fn. 26 (*Zamora*), which we discuss in more detail *post*. In other words, petitioner called the trial court's attention to a defect that allegedly "appear[ed] upon the face" of the indictment (Pen. Code, § 1004), but not one that asked the trial court " 'to review the sufficiency of the indictment or information *on the basis of the record made before the grand jury*.' " (*Stanton v. Superior Court* (1987) 193 Cal.App.3d 265, 269 (*Stanton*) (italics added).) For the reasons we have just stated, such an argument is much more like a demurrer than a motion under Penal Code section 995.

For its part, the trial court essentially treated petitioner's contentions regarding the limitations period much like they had come in the form of a demurrer. After finding the indictment's tolling allegations were insufficient because the People failed to explain why the alleged crimes could not have been discovered sooner, the trial court immediately stated, "I am going to permit the People to amend the indictment to add as

14

part of the *Zamora* allegation the reason why the offense was not discovered earlier. The People have already pointed out—and I agree with them—that amending an indictment by merely adding or extending allegations tolling the statute of limitations does not change the offense charged, and such amendment is clearly allowable under Penal Code section 1009."

We find no error in this approach. Again, petitioner's request for relief with respect to the statute of limitations sounded more in the nature of a demurrer than a motion to dismiss under Penal Code section 995. Had petitioner expressly presented the trial court with a demurrer on statute of limitations grounds, and had the trial court sustained said demurrer after agreeing with petitioner about the adequacy of the indictment's *Zamora* allegations, the trial court would have been obligated to allow amendment unless it found that the defect could not "be remedied." (Pen. Code, § 1007.) Here, the trial court found the indictment's tolling allegations lacked sufficient detail, explicitly stated that amendment could cure the defect, and allowed amendment. In other words, it treated petitioner's argument regarding the statute of limitations like what it was—i.e. a demurrer—and sought to give petitioner all she was entitled to expect—i.e. better tolling allegations. The trial court's impulse to look to amendment as a cure for the pleading issues petitioner brought to the court's attention was appropriate given the gravamen of petitioner's request for relief.

Nor do we find fault with the way in which the trial court actually allowed amendment. The statute of limitations for the two counts under Government Code

15

section 1090 is four years. (Pen. Code, §§ 801.5, 803, subd. (c)(4).) However, this period runs from discovery, not commission, of the allege crime. (Pen. Code, §§ 801.5, 803, subd. (c)(4).) The complaint and the indictment both allege discovery occurred on October 16, 2010. To be timely, the indictment needed to have been filed by October 16, 2014, unless some other tolling rule applies.

We agree with the People that Penal Code section 803, subdivision (b), provides exactly such a rule when it states: "No time during which prosecution of the same person for the same conduct is pending in a court of this state is a part of a limitation of time prescribed in this chapter." Here, the People filed the complaint against petitioner on January 13, 2014. That complaint charged petitioner with one count of violating Government Code section 1090 by voting on two contracts in a single day, and the indictment alleges each of those same votes as a separate count. Therefore, the indictment alleges "the same conduct" as the complaint, and the 528 days the complaint had been pending when the indictment was filed must be subtracted from the 1,713 days between the October 16, 2010 date of discovery and the June 25, 2015 filing of the indictment. Subtracting the time in which the complaint was pending, the indictment was filed 1185 days, or just over 3.24 years, after the date of discovery and was therefore timely.

In addition, we are aware that, if an amendment changes a defect in the way in which the original complaint was alleged but does not charge an offense not attempted to be charged by the original complaint, "it relates back to the date of the original filing of

16

the information and has the effect of tolling the running of the statute of limitations from the date of the filing of the original information." (*Patterson v. Municipal Court* (1971) 17 Cal.App.3d 84, 88.) Here, the complaint alleged petitioner violated Government Code section 1090 by voting on two contracts in which she had a prohibited financial interest. The indictment alleges each of those votes as a separate count under the same statute. Petitioner does not and, we think, cannot argue that the indictment added any charge that was not alleged in the original complaint.

Instead, petitioner asserts that amendment was a legal impossibility because the allegedly defective tolling allegations in the complaint and the indictment mean that "[t]he Superior Court never obtained jurisdiction." As petitioner sees it, the amended indictment cannot be timely by relation back to the original indictment, because the original indictment was filed more than four years after the alleged date of discovery of petitioner's committing the Government Code section 1090 counts, and it cannot be timely by relation back to the original complaint, which was filed within four years of discovery but cannot confer jurisdiction because it fails to properly allege tolling of the limitations period. This argument exalts form over function and rests on a misunderstanding of the jurisdictional nature of the statute of limitations and pleading compliance therewith.

We agree with petitioner that the statute of limitations in criminal cases is "jurisdictional" in some respects. (See, e.g., *People v. McGee* (1934) 1 Cal.2d 611 (*McGee*), overruled on other grounds by *Cowan v. Superior Court* (1996) 14 Cal.4th 367

17

(*Cowan*).)  For example, in a criminal case the statute of limitations may be raised as an affirmative defense "at any time." (*Cowan*, at p 384; see *McGee*, at p. 613.)  In addition, "a conviction, even if based on a plea of guilty, is subject to collateral attack if the charge was originally barred by the applicable limitation period." (*Zamora*, *supra*, 18 Cal.3d at p. 547.)

Special rules have developed regarding the interaction of the rules of criminal pleading and the above-discussed rules regarding the statute of limitations.  For example, "An accusatory pleading must allege facts showing that the prosecution is not" time-barred.  (*People v. Crosby* (1962) 58 Cal.2d 713, 724 (*Crosby*); see *Zamora*, *supra*, 18 Cal.3d at p. 564, fn. 26.)  In addition, "if a period of time in excess of that permitted by the statute has elapsed since the commission of the offense, further facts must be alleged to show" the People's entitlement to rely on the tolling doctrine.  (*Crosby*, at pp. 724-725.)  Finally, and most apposite to this case, an accusatory pleading that relies on the delayed discovery rule to evade the statute of limitations should plead:  "(1) the date on which the offense was 'discovered'; (2) how and by whom the offense was 'discovered'; (3) lack of knowledge, both actual or constructive, prior to the date of 'discovery'; (4) the reason why the offense was not 'discovered' earlier." (*Zamora*, *supra*, 18 Cal.3d. at p. 564, fn. 26.)

Petitioner reasons that, because the statute of limitations is jurisdictional, any failure to properly plead compliance with the statute of limitations is also of immediate jurisdictional import such that dismissal is required.  No authority supports the idea that a

18

failure to properly allege tolling of the limitations period amounts to such a profound defect that the trial court loses its power to hear a case. In fact, in *Cowan*, the California Supreme Court negated one of the linchpins of petitioner's argument by holding that the statute of limitations, while jurisdictional in some senses, cannot deprive the trial court of "fundamental subject matter jurisdiction over a time-barred criminal action." (*Cowan*, *supra*, 14 Cal.4th at p. 374.)

*Crosby*, a pre-*Cowan* California Supreme Court opinion, provides the rest of the answer to the questions petitioner raises about the propriety of allowing the People to amend the indictment: "An indictment which when filed shows on its face that it is barred by the statute of limitations 'fails to state a public offense' only in the sense that, *if not amended*, it will be subject to being set aside on motion pursuant to Penal Code section 995 [citation], and a conviction based thereon will be subject to attack, either directly [citation] or collaterally [citation]. But in enacting Penal Code section 1009 the Legislature has manifested its clear intent that the remedy of amendment be available to save an indictment from 'any defect or insufficiency,' provided that the offense which the grand jury sought to charge is itself not changed. Since 1927 it has been enough if the indictment is cast 'in any words sufficient to give the accused notice of the offense of which he is accused' (Pen. Code, § 952); the particular details of the offense will be furnished to him by the transcript of the testimony on which the indictment is founded [citation]. If the required notice is given, the omission of an allegation charging a

19

technical 'essential' element of the offense may, pursuant to section 1009, be corrected by timely amendment." (*Crosby*, *supra*, 58 Cal.2d at pp. 722-723.)

Amendment, then, is a tool trial courts may use to allow correction of pleading defects when the amendment does not change the nature of "the offense which the grand jury sought to charge." (*Crosby*, *supra*, 58 Cal.2d at p. 722.) Petitioner does not contend, nor can she, that it would change the nature of the offense to allow the People to add more facts regarding why the alleged violations of Government Code section 1090 could not have been discovered before October 16, 2010. Since her attack on the trial court's fundamental jurisdiction fails for the reasons we have now explained, petitioner has given us no reason to find that the trial court erred when it allowed the People to amend the complaint.

The foregoing analysis highlights why the real issue in this case is not whether the trial court erred in denying petitioner's motion under Penal Code section 995, but whether it erred in allowing the People to amend their tolling allegations. We have now resolved that issue by concluding that what petitioner filed, at least with respect to the issue presented in this section of the opinion, was properly treated like a demurrer. At oral argument in this court, petitioner's counsel disputed our assertion that the motion petitioner filed sounded more in the nature of a demurrer than a Penal Code section 995 motion. We have reviewed the portions of the record to which he directed our attention; while we find copious reference to the words used in the complaint and the indictment,

20

we find no more than passing references to the actual evidence presented to the grand jury.

It is true, as counsel noted, that the motion in the trial court and the reply filed in this court both complain that the grand jury was not correctly instructed with respect to the definition of the victim of the Government Code section 1090 counts and therefore received insufficient evidence regarding the timeliness of those counts. With respect to the argument as presented here, we remind petitioner that " 'points raised for the first time in a reply brief will not be considered unless good reason is shown for failure to present them earlier.' " (*People v. Failla* (2006) 140 Cal.App.4th 1514, 1519, fn. 3.)

Even were we to consider the adequacy of the evidence in light of the way in which the grand jury was instructed, we would reach the same conclusion we already reached: the point petitioner raises was better put before the trial court by way of demurrer. In a nutshell, her argument is that the People failed to properly allege entitlement to invoke the delayed discovery doctrine because, under *People v. Lopez* (1997) 52 Cal.App.4th 233, 245-248 (*Lopez*), the People must prove lack of knowledge by government employees occupying certain types of positions, and they failed to allege or to prove that these types of employees were unaware of petitioner's voting on the Sahlolbei contracts before the district attorney's office received the Bachman letter. Had petitioner advanced this argument via demurrer, she would have both complied with Penal Code section 1003 and allowed the People to tailor their presentation of evidence to the grand jury in keeping with the court's previous ruling regarding the applicable

21

definition of "victim."  (Cf. *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266 [due to record that was inadequate because the illegality of the search was never litigated in the trial court, the California Supreme Court reversed an intermediate appellate finding that defense counsel was inadequate for failing to file a suppression motion.].)

Again, we do not purport to hold that petitioner was obligated to demur on statute of limitations grounds; as discussed *ante*, any such conclusion would conflict with the jurisdictional nature of the defense.  What we do hold, and what petitioner's stray references to the evidence and instructions before the grand jury do not prevent us from holding, is that the trial court in this case had discretion to treat the particular motion petitioner filed as it would treat a demurrer and allow amendment if it found pleading defects.  Because this is the sum total of our holding, we need not and do not opine about whether the complaint and the indictment satisfied *Zamora* or whether *Lopez* defines who the victim or victims of the alleged Government Code section 1090 offenses is or are.

We now pause briefly to emphasize that we do not mean to imply that a trial court receiving a motion under Penal Code section 995 that attacks the words in the charging documents rather than the evidence at the preliminary hearing must or even should treat that motion as a demurrer and consider the possibility of amendment.  Rather, we are aware that ordinarily a demurrer is to be made at the time of arraignment (Pen. Code, § 1003), and that the failure to demur before entering a plea may be deemed a waiver of objection to the pleadings under at least some circumstances (see, e.g., *People v. Holt* (1997) 15 Cal.4th 619, 672 ["The well-established rule is that failure to demur on the

22

ground that a charging allegation is not sufficiently definite waives any objection to the sufficiency of the information."]).

Still, we are also aware that a demurrer may be heard not only at arraignment, but also "at such other time as may be allowed to the defendant for that purpose." (Pen. Code, § 1003.) In this case, it appears the trial court chose, implicitly if not explicitly, to allow petitioner to demur to the pleadings even though she had already been arraigned. The parties have given us no persuasive reason to find error with this approach. More important, it seems to us that deciding when and whether to allow a challenge to the phrasing of the pleadings after arraignment has occurred is a task best entrusted to the discretion of the trial court, which has an intimate knowledge of the case and any unique issues or irregularities that may have arisen or are likely to arise if amendment is allowed or disallowed. Today, we hold only that the decision of this trial court to entertain a challenge to the phrasing of the pleadings after arraignment had taken place, to agree with petitioner that the pleadings were wanting in certain specifics, and to allow the People to amend the indictment to cure the defect did not amount to an error of law.

DISPOSITION

The petition is summarily denied as to issue A, in which petitioner contends she did not have a prohibited financial interest in PVHD's contracts with Dr. Sahlolbei and as to which we did not issue an order to show cause. As for issue C, in which petitioner argues the first five counts against her were time-barred, we deny that portion of the petition for the reasons stated *ante*.

23

With respect to issue B, in which petitioner relies on the *Williamson* rule as a bar to felony prosecution under Penal Code section 115:  Let a peremptory writ of mandate issue, directing the Superior Court of Riverside County to dismiss counts 4 through 7 of the indictment.  The temporary stay we issued will dissolve upon dismissal of the remaining counts under Penal Code section 115.  Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

CERTIFIED FOR PUBLICATION

MILLER _____
J.

We concur:

HOLLENHORST _____
Acting P. J.

McKINSTER _____
J.