Filed 4/13/23  Garcia-Fuentes v. Superior Court CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| WILLIAM GARCIA-FUENTES,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF MONTEREY COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | H050346<br>(Monterey County<br>Super. Ct. No. 21CR009067) |
| DAVID IRETA REYES,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF MONTEREY COUNTY,<br><br>    Respondent;<br><br>THE PEOPLE,<br><br>    Real Party in Interest. | H050366<br>(Monterey County<br>Super. Ct. No. 21CR009066) |

Following a double murder in 2021, petitioners William Garcia-Fuentes and David Ireta Reyes were held to answer on 10 felony charges, with gang and weapons enhancements.

After the trial court denied petitioners' motions to dismiss pursuant to Penal Code[1] section 995, petitioners filed petitions for writ of prohibition in this court.  Petitioners

---

[1] Unspecified statutory references are to the Penal Code.

assert the prosecution failed to prove the necessary elements of a criminal street gang, because they failed to establish "a pattern of criminal activity" under section 186.22 as modified by Assembly Bill No. 333 (2021-2022 Reg. Sess.). Petitioners ask us to order the trial court to vacate its ruling on the motions and enter a new order setting aside the gang charges and gang enhancements.

We issued an order to show cause why the relief petitioners seek should not be granted. The People filed returns conceding that petitioners are entitled to relief. We accept the concession and will issue writs of prohibition restraining respondent court from taking any further action against petitioners based upon the gang charges and gang enhancements in the information and directing respondent court to vacate its order denying petitioners' section 995 motions to set aside the information and enter a new order granting the motion, in part, with respect to the gang charges and gang enhancements.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Procedural History*

On February 24, 2022, a third amended complaint was filed charging petitioners with two counts of murder (§ 187; counts 1 & 2), with the following enhancements: principal's use of a firearm (§ 12022.53, subd. (b)), discharge of firearm in a gang case (§ 12022.53, subd. (c)), use of a firearm (§ 12022.53, subds. (d), (e)(1)), street terrorism (§ 186.22, subd. (b)(5)), and the following special circumstances:  gang murder (§ 190.2, subd. (a)(22)), and multiple murder (§ 190.2, subd. (a)(3)); count 1 also included an enhancement for murder to prevent testimony (§ 190.2, subd. (a)(10)); one count of criminal street gang conspiracy (§ 182.5; count 3), enhanced by principal's use of a firearm (§ 12022.53, subd. (b)), discharge of firearm in a gang case (§ 12022.53, subd. (c)), use of a firearm (§ 12022.53, subds. (d), (e)(1)), one count of shooting at an occupied motor vehicle (§ 246; count 4), enhanced by principal's use of a firearm (§ 12022.53, subds. (d), (e)(1)) and street terrorism (§ 186.22, subd. (b)(1), (4)); four

2

counts of assault with a semi-automatic firearm (§ 245, subd. (b); counts 5-8), enhanced by infliction of great bodily injury (§ 12022.7, subd. (a)), and street terrorism (§ 182, subd. (a)(1); count 9); and one count of conspiracy to commit murder (§ 186.22, subd. (a); count 10), enhanced by street terrorism (§ 186.22, subd. (b)(1), (5)).

A preliminary hearing was conducted on February 24, 2022, and February 28, 2022. The court held petitioners to answer on all charges and enhancements.

An information was filed containing the same allegations as set forth in the third amended complaint.

Petitioners each filed motions to dismiss the information pursuant to section 995. The trial court denied the motions in August 2022.

In September 2022, petitioners filed timely petitions for writs of prohibition in this court. On November 17, 2022, this court issued a stay of further proceedings in the trial court and requested opposition from the People. The People filed opposition to the petitions.

On December 22, 2022, this court issued an order to show cause why petitioners should not be granted the relief they request. The People filed a return conceding that petitioners are entitled to relief.

### B. *Evidence presented at the preliminary examination*

On October 24, 2021, at around 1:00 a.m., a group of eight friends were attending an outdoor concert in the City of Gonzales. The group came in two separate cars, one containing six people and the other containing two. An eyewitness identified as "MV-l" stated that he knew Reyes and Garcia-Fuentes and had socialized with them prior to the shooting. MV-l said that Reyes was known by his gang moniker "Bambi," and Garcia-Fuentes was known as "Willy."

MV-1 saw Bambi and Willy approach the car containing six people and start asking "where's Fabian?" and "who's Fabian?" While looking for Fabian, one of them said, "that's him" or "that's that fool there!" Immediately after they identified Fabian,

3

Bambi pulled out a gun, took a small step back and started firing into the car, killing **Fabian Ortega and Araceli Verar and injuring two others.** MV-1 said that Fabian Ortega was associated with the Watsonville City Hall subset of the Norteño criminal street gang. MV-1 described Willy as acting like the "big homey" during the shooting and Bambi as "the little homey." According to MV-1, the big homey was instigating the shooting by pushing the little homey into action.

Another eyewitness identified as "MS-1" stated that before the shooting, he saw Reyes and Garcia-Fuentes talking about Fabian being a "snitch" and being "no good," saying things like "this fool is no good," and "fuck that fool," and "he's a piece of shit." MS-1 said the two seemed to be working together, and when they found Fabian, Reyes shot into the car about five times.

Detective Jesse Pinon was qualified as an expert on Norteño criminal street gangs in Monterey County. Detective Pinon testified that the Norteño gang in Monterey County has approximately 3,000 to 4,000 members and the Watsonville City Hall gang is a Norteño subset gang using the same signs and symbols as the larger gang. Detective Pinon said that members committing crimes could help the gang by making money and creating fear in others.

Regarding the predicate crimes required under section 186.22, Detective Pinon testified about a robbery that Hector Camberos and Jose Amezcua committed in 2020, and that both men were active Norteño gang members. Detective Pinon also testified about a residential burglary that two other active Norteño gang members, Art Marquez and Jose Martinez, committed in 2018.

Detective Pinon testified about the crimes committed in this case. He said that the statement "this fool is no good," "he's a snitch," "he's a piece of shit" used by Reyes and Garcia-Fuentes when referring to Fabian showed that they thought Fabian was "no good," and that "he is a snitch." Detective Pinon testified that in his opinion, Reyes and Garcia-Fuentes killed Fabian because he had snitched on the Norteño gang.

4

## II. DISCUSSION

### A. *Standard of Review*

At a preliminary examination, a magistrate determines whether there is "sufficient cause" to believe a defendant is guilty of all offenses and enhancements charged. (§ 871; see § 872, subd. (a).) This is a threshold determination for allowing the prosecution to proceed to trial against the defendant on those allegations.

The mechanism for challenging a magistrate's sufficient cause determination is a motion to set aside or dismiss under section 995. Denial of a section 995 motion is most appropriately challenged by a petition for writ of prohibition. (§ 999a; see *Hudson v. Superior Court* (2017) 7 Cal.App.5th 999, 1006.)

Because "following the denial of a section 995 motion, we review the preliminary hearing magistrate's determination directly and disregard the judge's section 995 ruling," we must determine whether the evidence submitted at the preliminary hearing was sufficient to hold petitioner to answer on the gang enhancement allegations under section 186.22 as amended by Assembly Bill No. 333. (See *People v. Ramirez* (2016) 244 Cal.App.4th 800, 813.)

### B. *Section 186.22 following Assembly Bill No. 333*

"Assembly Bill No. 333 . . . amended section 186.22 by modifying the definitions of 'pattern of criminal activity' and 'criminal street gang,' and it clarified what is required to show an offense 'benefit[s], promote[s], further[s], or assist[s]' a criminal street gang." (*People v. Perez* (2022) 78 Cal.App.5th 192, 206.) Section 186.22 now " 'requires proof of the following additional requirements with respect to predicate offenses: (1) the offenses must have "commonly benefited a criminal street gang" where the "common benefit . . . is more than reputational"; (2) the last predicate offense must have occurred within three years of the date of the currently charged offense; (3) the predicate offenses must be committed on separate occasions or by two or more gang members, as opposed to persons; and (4) the charged offense cannot be used as a

5

predicate offense.' " (*Perez*, *supra*, at p. 206.) "With respect to common benefit, the new legislation explains: '[T]o benefit, promote, further, or assist means to provide a common benefit to members of a gang where the common benefit is more than reputational. Examples of a common benefit that are more than reputational may include, but are not limited to, financial gain or motivation, retaliation, targeting a perceived or actual gang rival, or intimidation or silencing of a potential current or previous witness or informant.' " (*People v. Lopez* (2021) 73 Cal.App.5th 327, 345.)

At the preliminary examination in the present case, while the gang expert testified about predicate robbery and burglary offenses committed by known Norteño gang members, he did not opine how those predicate offenses benefitted the Norteño street gang in a manner that was "more than reputational." (§ 186.22, subd. (g).) It appears from the record that the trial court inferred the benefit was more than reputational without any specific evidence to support that inference.

We find the People's concession in this case is well taken and agree that the proof submitted at the preliminary examination was insufficient to meet the pattern of criminal activity requirement of section 186.22 as amended by Assembly Bill No. 333. Therefore, the portion of the order holding petitioners to answer on the gang charges and gang enhancement allegations must be vacated.

### III.    DISPOSITION

H050346

Let a peremptory writ of prohibition issue restraining respondent court from taking any further action against petitioner William Garcia-Fuentes based upon the gang charges and gang enhancements in the information in the above-entitled action and directing respondent court to vacate its August 25, 2022 order denying petitioner's Penal Code section 995 motion to set aside the information and enter a new order granting the motion, in part, with respect to the gang charges and gang enhancements and dismissing those gang charges and gang enhancements in the information. This opinion is made

6

final as to this court seven days from the date of filing.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)  Upon issuance of the remittitur, the temporary stay is vacated.

H050366

Let a peremptory writ of prohibition issue restraining respondent court from taking any further action against petitioner David Ireta Reyes based upon the gang charges and gang enhancements in the information in the above-entitled action and directing respondent court to vacate its August 25, 2022 order denying petitioner's Penal Code section 995 motion to set aside the information and enter a new order granting the motion, in part, with respect to the gang charges and gang enhancements and dismissing those gang charges and gang enhancements in the information.  This opinion is made final as to this court seven days from the date of filing.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)  Upon issuance of the remittitur, the temporary stay is vacated.

_____
                  Wilson, J.

WE CONCUR:

_____
Bamattre-Manoukian, Acting P.J.

_____
           Grover, J.

Garcia-Fuentes v. Superior Court
H050346

Reyes v. Superior Court
H050366