Filed 4/14/23  Asberry v. Superior Court CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAREN ASBERRY, Petitioner, v. THE SUPERIOR COURT OF KERN COUNTY, Respondent; THE PEOPLE, Real Party in Interest. | F084647 (Super. Ct. No. BF178105A) **OPINION** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of prohibition.  Chad A. Louie, Judge.

Peter Kang, Kern County Public Defender, and Nick Roth, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Jeffrey A. White, Deputy Attorneys General, for Real Party in Interest.

---

[*]    Before Peña, Acting P. J., Smith, J. and Meehan, J.

-ooOoo-

Petitioner, Jaren Asberry, asks this court to dismiss enhancement allegations from the information filed against him due to recent legislative changes. Following our review of the petition and the relevant legal authorities, we conclude the enhancement at issue must be vacated, and the matter remanded to allow the prosecution to consider whether to continue the preliminary hearing to present additional evidence relevant to the enhancement, or to proceed on an amended information without the enhancement.

**PROCEDURAL AND FACTUAL SUMMARY**

On September 4, 2019, a complaint was filed charging petitioner with second degree robbery (Pen. Code,[1] § 212.5, subd. (c), a felony; count 1), and resisting arrest (§ 148, subd. (a)(1), a misdemeanor; count 2). An enhancement to count 1 alleged petitioner committed the robbery for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). Further, allegations stated petitioner had a prior strike conviction (§ 667, subds. (c)–(j)), a prior serious felony conviction (§ 667, subd. (a)), and that he had served two prior prison terms (§ 667.5, subd. (b)).

A preliminary hearing was held on September 20, 2019, at which time testimony was taken from two employees of the police department. Officer Chuen Tsang testified that on August 24, 2019, he arrived to assist other officers who were attempting to break up a large fight in a parking lot. The victim told Tsang petitioner stole a chain and medallion necklace from his neck. The victim then pointed to petitioner as the person who took the chain and medallion from his neck. Tsang observed petitioner fighting with some people in the parking lot and heard him use a racial slur, and the word "East" which was apparently a reference to a local gang. When Tsang approached petitioner, a medallion on a chain fell out of petitioner's pocket. While petitioner initially ran away when Tsang tried to detain him, he was eventually taken into custody. Once in custody,

---

[1] All further statutory references will be to the Penal Code.

Tsang observed petitioner had a tattoo on his chest with the letters "SBC." Petitioner told Tsang the tattoo stood for "Strollers," which was later identified as a subset of the Eastside Crips gang.

At the preliminary hearing, the People also offered the testimony of Officer Kyle McNabb, who is part of the department's gang unit. McNabb believed petitioner was a member of the Eastside Crips based on his tattoo and his previous contacts with the police. McNabb next discussed the "primary activities" of the Eastside Crips. Among these activities, McNabb listed robbery as one of the types of crimes members of this gang have engaged in. McNabb was then asked about several offenses committed by Eastside Crips members between 2017 and 2018. While each offense was committed by different individuals, McNabb noted each of those individuals was a known member of the Eastside Crips. Based on these offenses, McNabb concluded the Eastside Crips were engaged in an ongoing pattern of criminal gang activity, the proceeds from which could benefit the gang.

McNabb was also asked about the tattoo Tsang observed on petitioner. McNabb testified the "SBC" was a reference to the Stroller Boy Crips, which was a subset of the Eastside Crips. McNabb further noted that when petitioner yelled out the "East" while fighting, he was linking his actions or showing allegiance to the Eastside Crips. It was McNabb's opinion that an individual who publicly proclaims his allegiance to a gang, could be seen as benefitting the gang by instilling fear in the community.

At the end of the preliminary hearing, the magistrate found probable cause and ordered petitioner be held to answer for the various allegations contained in the complaint. Thereafter, an information containing the same allegations as those raised in the complaint, was filed on September 26, 2019. Almost immediately, petitioner filed a motion pursuant to section 995 arguing the enhancement attached to count 1, that the robbery was committed for the benefit of, at the direction of, or in association with, a

3.

criminal street gang, was not supported by sufficient evidence to meet the probable cause standard. That motion was denied by the trial court on October 30, 2019.

Petitioner filed a second motion to set aside the criminal street gang enhancement allegations on June 16, 2022, following legislative changes to section 186.22, which became effective on January 1, 2022. Petitioner argued the changes to section 186.22 were substantial, and that the evidence presented at the preliminary hearing did not meet this new standard. The trial court denied this motion on June 30, 2022.

Petitioner challenged the trial court's ruling by filing a petition with this court on July 19, 2022, requesting a writ of prohibition. On December 23, 2022, this court issued an order to show cause why the relief sought in the petition should not be granted and asked for additional briefing. On January 4, 2023, the People informed the court that no additional briefing would be provided as the informal response filed previously already addressed the issues raised in the order to show cause.

## DISCUSSION

Again, based on the testimony offered at the preliminary hearing, the magistrate found there was probable cause to hold petitioner to answer the allegations made against him, including the allegations that petitioner committed the robbery alleged in count 1 for the benefit of, at the direction of, or in association with, a criminal street gang. Petitioner's challenge of this finding is the focus of his request for a writ of prohibition.[2]

### I.     The Petition was Timely

The People contend the section 999a writ petition was untimely and should be rejected on this basis alone. A section 999a writ petition must be filed within 15 days of

---

**2**      Neither party has addressed the constitutionality of the changes made to section 186.22, an issue that is currently before the Supreme Court in *People v. Lee* (2022) 81 Cal.App.5th 232, review granted October 19, 2022, S275449, and *People v. Rojas* (2022) 80 Cal.App.5th 543, review granted October 19, 2022, S275835. For this reason, and because we do not believe that issue is necessary for our resolution here, we decline to address any potential constitutional challenge.

the trial court's order denying a petitioner's section 995 motion. Under California Rules of Court, rule 8.25(b)(1), which applies to the appellate courts as well as the Supreme Court, a document is considered filed on the day when the clerk receives it.

The trial court denied petitioner's section 995 motion on June 30, 2022. Petitioner electronically filed his section 999a writ petition with our court on July 15, 2022, 15 calendar days later. The People contend the actual date of filing was July 19, 2022, because the original filing was rejected on July 18, 2022, due to petitioner's failure to include electronic bookmarks. Petitioner then refiled a correctly formatted petition on July 19, 2022.

The rejection and refiling of the petition are of no consequence under California Rules of Court, rule 8.25(b)(1). The petition was initially received by the clerk on July 15, 2022. Because it was "deemed filed on that date," we consider the petition timely.

## II. Statutory Background of Gang Enhancements

" 'In 1988, the Legislature enacted the California Street Terrorism Enforcement and Prevention Act (STEP Act; § 186.20 et seq.) to eradicate "criminal activity by street gangs." ' [Citation.] Among other things, the STEP Act created 'a sentencing enhancement for a felony committed "for the benefit of, at the direction of, or in association with any criminal street gang" (§ 186.22, subd. (b)(1)).' " (*People v. Tran* (2022) 13 Cal.5th 1169, 1205–1206 (*Tran*).) To prove the existence of a criminal street gang necessary to sustain a gang enhancement, the People must establish, among other things, that the members of the association or group in question engage in, or have engaged in, a "pattern of criminal gang activity." (§ 186.22, subd. (f).)

In 2021, the Legislature passed Assembly Bill No. 333 (2021−2022 Reg. Sess.) (Assembly Bill 333), also known as the STEP Forward Act of 2021, which went into effect on January 1, 2022. (Stats. 2021, ch. 699, § 1.) As detailed by our Supreme Court

in *Tran*, Assembly Bill 333 made the following changes to the law on gang enhancements:

> "First, it narrowed the definition of a 'criminal street gang' to require that any gang be an 'ongoing, *organized* association or group of three or more persons.'  (§ 186.22, subd. (f), italics added.)

> "Second, whereas section 186.22, former subdivision (f) required only that a gang's members 'individually *or* collectively engage in' a pattern of criminal activity in order to constitute a 'criminal street gang,' Assembly Bill 333 requires that any such pattern have been '*collectively* engage[d] in' by members of the gang.  (§ 186.22, subd. (f), italics added.)

> "Third, Assembly Bill 333 also narrowed the definition of a 'pattern of criminal activity' by requiring that (1) the last offense used to show a pattern of criminal gang activity occurred [within three years of the prior offense and] within three years of the date that the currently charged offense is alleged to have been committed; (2) the offenses were committed by two or more gang 'members,' as opposed to just 'persons'; (3) the offenses commonly benefitted a criminal street gang; and (4) the offenses establishing a pattern of gang activity must be ones other than the currently charged offense.  (§ 186.22, subd. (e)(1), (2).)

> "Fourth, Assembly Bill 333 narrowed what it means for an offense to have commonly benefitted a street gang, requiring that any 'common benefit' be 'more than reputational.'  (§ 186.22, subd. (g).)"  (*Tran*, *supra*, 13 Cal.5th at p. 1206.)

## III.    Retroactive Application of Assembly Bill 333

The parties agree that Assembly Bill 333 applies retroactively under *In re Estrada* (1965) 63 Cal.2d 740, to all cases not yet final on appeal.  (*Tran*, *supra*, 13 Cal.5th at pp. 1206–1207.)  Absent contrary legislative intent, ameliorative changes in law apply to all cases not yet final on appeal.  (*People v. Esquivel* (2021) 11 Cal.5th 671, 675.)  " 'Assembly Bill 333 essentially adds new elements to the substantive offense and enhancements in section 186.22—for example, by requiring proof that gang members "collectively engage" in a pattern of criminal gang activity, that the predicate offenses were committed by gang members, that the predicate offenses benefitted the gang, and

that the predicate and underlying offenses provided more than a reputational benefit to the gang ….' [Citations.] These changes have the effect of 'increas[ing] the threshold for conviction of the section 186.22 offense and the imposition of the enhancement' .…" (*Tran*, at p. 1207.)

## IV. Section 995 and the Writ of Prohibition as Procedural Vehicles to Enforce the Changes Made to Section 186.22

At a preliminary hearing, a magistrate determines whether there is "sufficient cause" to believe a defendant is guilty of all offenses and enhancements charged. (§ 871; see also § 872, subd. (a).) This threshold determination allows the prosecution to proceed to trial against the defendant on those allegations. The mechanism for challenging a magistrate's sufficient cause determination is a motion to set aside or dismiss under section 995. Denial of a section 995 motion is then most appropriately challenged by a petition for writ of prohibition. (§ 999a; see *Hudson v. Superior Court* (2017) 7 Cal.App.5th 999, 1006.)

### A. Application

At the time of the preliminary hearing, the magistrate judge determined there was sufficient cause to believe the gang enhancement allegations were true based on the version of section 186.22, that existed before Assembly Bill 333. However, when considering petitioner's section 995 motion, the trial court declined to consider whether the evidence presented at the preliminary hearing was sufficient to meet the requirements of section 186.22 as amended by Assembly Bill 333. That conclusion was erroneous. The court should have considered the merits of petitioner's motion.

"[F]ollowing the denial of a section 995 motion, we review the preliminary hearing magistrate's determination directly and disregard the judge's section 995 ruling." (*People v. Ramirez* (2016) 244 Cal.App.4th 800, 813.) Therefore, we are required to determine whether the evidence submitted at the preliminary hearing against petitioner was sufficient to force him to answer on the gang enhancement allegations under

7.

section 186.22, as amended by Assembly Bill 333. The parties agree the evidence submitted at the preliminary hearing failed to meet the new requirements of section 186.22, as amended by Assembly Bill 333. In fact, the People state:

> "Although the preliminary hearing did contain evidence regarding the benefit of the charged offense, it did not prove the pattern of criminal gang activity required under the new standards in [Assembly Bill] 333. Specifically, the record does not show how the predicate offenses benefited petitioner's gang. Given this deficiency, petitioner may be able to benefit from [Assembly Bill] 333 on remand if the prosecution is unable to provide additional evidence establishing this element."

We agree with the parties that the proof submitted at the preliminary hearing was insufficient to meet all the requirements stated in section 186.22, as amended by Assembly Bill 333. Therefore, the portion of the order holding petitioner to answer on the gang enhancement allegations must be vacated and the matter remanded.

On remand, the prosecution may request to continue the preliminary hearing pursuant to section 995a, subdivision (b)(2). (See *People v. Lopez* (2021) 73 Cal.App.5th 327, 346; *People v. Eagle* (2016) 246 Cal.App.4th 275, 280 ["When a statutory amendment adds an additional element to an offense, the prosecution must be afforded the opportunity to establish the additional element upon remand."].) If the prosecution does not seek a continuation of the preliminary hearing or does not prove the gang enhancement allegations in conformity with the newer version of section 182.66 during the continued preliminary hearing, the case should proceed with an amended information without the gang enhancement allegations.

## DISPOSITION

The portion of the magistrate judge's order holding petitioner to answer on the gang enhancement allegations on count 1 is vacated and the matter is remanded. On remand, the prosecution may request to continue the preliminary hearing pursuant to section 995a, subdivision (b)(2), to prove the gang enhancement allegations in compliance with the requirements of section 186.22, as amended by Assembly Bill 333.

Alternatively, the prosecution may elect to proceed on an amended information without the gang enhancement allegations.  We do not disturb the magistrate judge's order in any other respect.